IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JAY POWERS, | No. 4:20-CV-1145 |
| Petitioner. | (Judge Brann) |
| v. | |
| HERMAN QUAY, | |
| Respondent. | |

**ORDER**

**AUGUST 24, 2020**

**AND NOW**, upon consideration of the second amended petition for writ of habeas corpus pursuant 28 U.S.C. § 2241[1] filed by Petitioner John Jay Powers ("Petitioner") in which he objects to the Federal Bureau of Prisons' computation of his federal sentence[2], arguing that his sentence has been computed to run consecutive to a sentence imposed in the United States District Court for the Southern District of Indiana, allegedly in contravention of the sentence imposed in

---

[1] Doc. 11.

[2] On June 25, 2018, Powers completed service of his 389 month and 15 day Supervised Release aggregated term of confinement for Possession of a Stolen Motor Vehicle, Criminal Contempt in Violation of Section 42A, Federal Rules of Criminal Procedures, and Bank Robbery in Case No. 89-61-CR-T-13 (08), Middle District of Florida; Transport Interstate Commerce Motor Vehicle, Possession of a Firearm by a Felon, Possession of Unregistered and Altered Firearms, Interstate Transportation of Stolen Firearms, and Possession of Counterfeit Security, in Case No. 89-60-cr-T-15B, Middle District of Florida; and Bank Robbery in Case No. IP 90-145-CR-01, Southern District of Indiana. Doc. 11-2, pp. 2, 8, 13, 16, 42-45. After application of Good Conduct Time pursuant to the First Step Act of 2018, he had a release date of June 25, 2018. During his incarceration, he received sanctions due to disciplinary infractions resulting in the loss of 614 days of good conduct time. Doc. 1-1, p. 2.

the United States District Court for the District of New Jersey, which imposed a forty-five month sentence to run consecutive only to those sentences imposed in the United States District Court for the Middle District of Florida[3]; and it appearing that Petitioner previously raised this very issue in the United States District Court for the District of Colorado, which denied the petition and dismissed it with prejudice[4]; and it appearing that this Court has also dispensed with Petitioner's recent challenge to the disallowance of good conduct time under the First Step Act[5]; and it further appearing that because the issues raised in the present petition either have been, or could have been, decided in these previous habeas actions, the petition is barred by the abuse-of-the-writ doctrine,[6] and because "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255",[7] such a claim shall be dismissed,[8] **IT IS HEREBY ORDERED** that:

---

[3]   Docs. 11, 11-1.
[4]   Doc. 10-1, pp. 3-14, *Powers v. M.L. Stancil*, 18-cv-01226-KMT, February 5, 2019.
[5]   *Powers v. Quay*, 4:20-CV-0138, Docs. 14, 15, June 17, 2020, denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.
[6]   The abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition. *See McCleskey v. Zant*, 499 U.S. 467, 489 (1991).
[7]   28 U.S.C. § 2244(a).
[8]   28 U.S.C. § 2244(b)(1).

1. The second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**; and

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge